UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.9:19-cv-81145-RKA

TYHESIA REED and
JACQUELINE McCARTHY,

    Plaintiffs,

v.

INCOL, LLC d/b/a THE ROSE GENTLEMAN'S
CLUB d/b/a FLASHDANCE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REOPEN CASE AND FOR ENTRY OF JUDGMENT**

Before the Court is Plaintiffs' Motion to Reopen the Case and for an Entry of Judgment in favor of the Plaintiffs. ECF No. 86. The District Court referred this matter to me for a Report and Recommendation. ECF No. 87. I have reviewed the Notice of Settlement and Compliance with Court Order (ECF No. 82), the Order Closing Case (ECF No. 83), the Stipulation of Dismissal (ECF No. 84), and the Order Dismissing Case (ECF No. 85). The matter is ripe for decision. For the reasons stated herein, the undersigned recommends that the District Court DENY the Motion to Reopen Case and For Entry of Judgment for lack of subject matter jurisdiction.

Plaintiffs are exotic dancers who brought this action against their employer for non-payment of minimum wage under federal and state laws. ECF No. 10. On September 14, 2020, after holding a Court-ordered informal settlement conference, the parties notified the Court that they had reached a settlement. ECF Nos. 81, 82.

On September 16, 2020, the Court administratively closed the case and ordered the parties to formalize the dismissal by October 15, 2020. ECF No. 83.[1] On November 9, 2020, the parties filed a Joint Stipulation of Dismissal, with prejudice. ECF No. 84 ("the Stipulation"). The Stipulation stated in full, "The parties, by and through counsel, pursuant to the Order of the Court [ECF No. 81], hereby file their joint stipulation of dismissal, with prejudice, of the above styled action." *Id.* (bracket in original). Plaintiffs now allege that Defendant has not made a payment required under the Settlement Agreement. Thereafter, the Court entered an Order dismissing the case with prejudice and directing the Clerk to close the case. ECF No. 85. Plaintiffs now move to reopen the case and for entry of a stipulated judgment under the Settlement Agreement. ECF No. 86.

Before addressing the merits, it is the Court's independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "We are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230–31 (1990). Because the nature of the November 3, 2020, filing may affect this Court's subject matter jurisdiction, I must

---

[1] The Court's September 16 Order stated that it would reopen the case if the settlement fell through.

resolve that issue before addressing the Plaintiffs' Motion to Reopen the Case and for Entry of Judgment.

In pertinent part, Rule 41(a)(1)(A)(ii) states, "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). When filed in accordance to this subsection, the stipulation is "self-executing and dismisses the case" as it "becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). Accordingly, "[a] District Court[ ] need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests . . . subject matter jurisdiction" over the controversy between the parties to the stipulation. *Id*. Alternatively, Rule 41(a)(2) states in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unlike Rule 41(a)(1)(A)(ii), Rule 41(a)(2) requires a court order and presumably a motion requesting that relief. *Id*.

In some cases, it is unclear whether the parties are seeking dismissal pursuant to Rule 41(a)(1)(A)(ii) or Rule 41(a)(2). In *Anago*, the Eleventh Circuit held that, even despite a document's reference to Rule 41(a)(2), the parties had intended to dismiss the case pursuant to Rule 41(a)(1)(A)(ii), stating:

> The parties styled the document a "Stipulation," which is expressly required in Rule 41(a)(1)(A)(ii) and not mentioned in Rule 41(a)(2). The Stipulation states that all parties "agree to dismissal with prejudice" of the complaint and counterclaim in the case. Rule 41(a)(1)(B) states that dismissals under Rule

3

> 41(a)(1) must explicitly state if prejudice is to attach, else the court will assume that the dismissal will be without prejudice. Rule 41(a)(2) also presumes dismissal without prejudice but leaves the final dismissal terms to the discretion of the district court. Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Finally, the Stipulation does not contemplate that a court order is necessary to make it effective. There is no signature line for the district court, and the statement retaining jurisdiction is not a request made to the district court but a declaration of retained jurisdiction. We therefore find that the Stipulation was entered pursuant to Rule 41(a)(1)(A) (ii) and that its reference to Rule 41(a)(2) was in error.

*Anago Franchising, Inc.*, 677 F.3d at 1276–77.

Similar factors to *Anago Franchising, Inc.* are present here. The parties styled the underlying document a "Stipulation." ECF No. 84. The Stipulation states that the Parties "file their joint stipulation of dismissal, with prejudice . . . " *Id*. It is signed by counsel for all relevant parties. There is no signature block for the Court. It was not filed under the cover of a "motion" to dismiss, thus does not request court action. *See* Local Rule 5.1(d) ("A notice of filing shall identify by title the pleading, motion, or other paper to which the document filed pertains and the purpose of the filing . . ." Finally, the Stipulation does not reference Rule 41(a)(2), nor does it ask the Court to do anything, such as enter an order of dismissal or retain jurisdiction. I find that the filing at Docket Entry 84 was pursuant to Rule 41(a)(1)(A)(ii) and that the Court, upon the Stipulation, was divested of jurisdiction to reopen the case and to enter judgment.

## REPORT AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the District Court DENY the Motion to Reopen Case and for Entry of Judgment.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of July 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE