UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81145-CIV-ALTMAN/Reinhart

TYESHIA REED and
JACQUELINE MCCARTHY,

    *Plaintiffs*,

v.

INCOL, LLC,

    *Defendant*.

_____/

## ORDER

The Parties filed a Stipulation of Dismissal (the "Stipulation") [ECF No. 84] on November 9, 2020. Five months later, the Plaintiffs filed a Consent Motion for Judgment (the "Motion") [ECF No. 86], in which they asked the Court to reopen the case and enter Judgment in their favor. The Court referred this matter to United States Magistrate Judge Bruce E. Reinhart for a fairness hearing and a Report and Recommendation on any dispositive matters under 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. Order of Referral [ECF No. 87]. On July 15, 2021, Magistrate Judge Reinhart issued a Report and Recommendation [ECF. No. 89] (the "R&R"), finding that "the filing [of the Stipulation] was pursuant to Rule 41(a)(1)(A)(ii) and that the Court upon the Stipulation, was divested of jurisdiction to reopen the case and enter judgment." R&R at 4. In the R&R, Magistrate Judge Reinhart also warned the parties they "shall serve and file written objection, if any, to this Report and Recommendation . . . within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation." *Id.* at 5. We are far past that 14-day deadline, and no party has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 89] is **ACCEPTED and ADOPTED**.

2. The Motion [ECF No. 86] is **DENIED**.

3. The case shall remain **CLOSED**. Any other deadlines are **TERMINATED**, and any other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 1st day of October 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record